## CITY OF SAN JOSE *v.* SHAW.

BONA FIDE SETTLER.—A party who claims the benefit of the Act of April 2d, 1866, staying proceedings in actions for the recovery of land embraced within the exterior limits of unsurveyed Mexican or Spanish grants, must show that he was a bona fide settler upon the demanded premises, dwelling thereon.

ARGUMENT AT CHAMBERS.—After a cause has been submitted in the Court, it is not error to hear argument at chambers, and thereupon to decide the case.

FINDINGS.—It is not error to refuse to file written findings when no request therefor was entered in the minutes of the Court at the time of the submission of the cause, although the attorney verbally requested that written findings be filed.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

This was an action of ejectment to recover possession of lands alleged to be within the grant to the Pueblo de San José, which lands were confirmed to the plaintiff as the successor of said pueblo. The defendant Shaw claimed under a deed from the city as to one parcel of land, and by right of fifteen years occupation as to another. In his answer he asked for a stay of proceedings until a final survey, as provided in the Act of April 2d, 1866 (Laws 1865-6, p. 772), "for the determination of actions for the recovery of lands." The case was tried by the Court without a jury. After the testimony had been closed, an entry was made in the minutes of the Court that "the cause is held for argument." The attorneys for the parties, by mutual agreement, argued the cause before the Judge at his chambers, and subsequently judgment was rendered for the plaintiff as to the second parcel of land. The defendant's counsel, on the argument, verbally requested that written findings be filed, but the request was not entered in the minutes. The defendant moved for a new trial. The motion was denied, and he appealed.

*Black*, and *Houghton & Reynolds*, for Appellant.

The Court erred in rendering judgment upon the argument at chambers. The submission after the testimony had closed, and before argument, was not a submission within the meaning of section one hundred and eighty, Practice Act. They also argued that the plaintiff having rested its case without showing a final survey, but having shown that the survey made was not final, the defendant was entitled to an order staying the proceedings; and cited Stats. 1865–6, p. 772; 2 Brightly's Dig. 71, Sec. 14.)

*Spencer*, for Respondent, argued that the trial virtually terminated with the introduction of the evidence, and that the defendant having availed himself of the leave given to argue the cause at chambers, cannot object that the proceeding was illegal, and cited *Ex Parte Bennett*, 44 Cal. 84. He also argued that the defendant's failure to demand written findings at the submission was a waiver, and that the defendant had no other than a mere constructive possession of the premises in suit, and was therefore not entitled to the benefits of the Act of April 2d, 1866.

By the COURT: .

It does not appear that the defendant was a bona fide settler upon the demanded premises. In his answer he alleged only that he had been for fifteen years last past in the exclusive possession and actual occupation thereof, without any allegation that he had resided thereon. He was, therefore, not within the provisions of the Act of April 2d, 1866 (Acts 1865–6, p. 772).

The record shows that the cause was submitted in Court, and there was, therefore, no error in hearing argument at chambers, and thereupon deciding the case.

Nor was.there error in refusing to file written findings, no request therefor having been entered in the minutes of the Court at the time of the submission of the cause.

Judgment and order affirmed.